UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____x

**Joshua Adams**,

          Plaintiff,          Case No.: **1:23-cv-06771-LGS**

-v-

**57 Clinton Street, LLC**, and       **DEFAULT FINAL JUDGMENT
AGAINST DEFENDANT
57 CLINTON STREET LLC**

          Defendants.

_____x

**FINAL DEFAULT JUDGMENT**

THIS ACTION, having been commenced on August 2, 2023 by the filing of the Complaint [DE#1] having been filed on August 2, 2023 and served on Defendant **57 Clinton Street, LLC** on August 22, 2023 via the Secretary of State as their authorized agent for service of process, and with proof of service having been filed on August 25, 2023 [DE#6], and the Defendant having not appeared or answered the Complaint [DE#1], and the time for answering the Complaint [DE#1] having expired on September 12 , 2023, and Defendant having failed to appear at the show-cause hearing held on December 13, 2023, it is hereby

ORDERED, ADJUDGED, and DECREED that the Plaintiff have Final Default Judgment against Defendant, Defendant **57 Clinton Street, LLC** (hereinafter referred to as "Defendants"), as follows:

  **A)** Defendants shall be required to apply for, obtain, and cause the removal and remediation the  following barriers to access which exist in violation of Title III of the Americans with Disabilities Act 42 U.S.C. § 12181, *et seq*., within 90 days following the date of the Court's  entry of this Final Default Judgment:

I. Inaccessible entrance. Accessible route not established as required.
Accessible means of egress not provided as required. Existing step at entrance acts as a barrier to accessibility. Required ramp not provided for step at entrance.

> ADAAG 206 Accessible Routes  ADAAG 206.1 General.
> Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.ADAAG 206.2 Where Required. Accessible routes shall be provided where required by 206.2. ADAAG 206.2.1 Site Arrival Points. At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.ADAAG 206.4 Entrances. Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.ADAAG 207 Accessible Means of Egress ADAAG 207.1 General. Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1).ADAAG 402 Accessible Routes ADAAG 402.1 General.Accessible routes shall comply with 402.ADAAG 402.2 Components. Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.ADAAG 403 Walking Surfaces  ADAAG 403.4 Changes in Level. Changes in level shall comply with 303
> ADAAG 303.4 Ramps. Changes in level greater than ½ inch high shall be ramped, and shall comply with 405 or 406.

II. Required minimum maneuvering clearance not provided at entrance door. Non-compliant change in floor level within required maneuvering clearance at entrance door.

> ADAAG 206 Accessible Routes  ADAAG 206.1 General.
> Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.ADAAG 206.2 Where Required.Accessible routes shall be provided where required by 206.2.ADAAG 206.2.1 Site Arrival Points.
> At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.ADAAG 206.4 Entrances. Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.ADAAG 206.4.1 Public Entrances. In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public entrances shall comply with 404.
> ADAAG 207 Accessible Means of Egress  ADAAG 207.1 General.
> Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1)ADAAG 404.2.4 Maneuvering Clearances.Minimum maneuvering clearances at doors and gates shall comply with 404.2.4.Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.ADAAG 404.2.4.4 Floor or Ground Surface. Floor or ground surface within required maneuvering clearances shall comply with 302. Changes in level

III. Inaccessible service counter. Non-compliant height of service counter exceeds maximum height allowance

ADAAG227 Sales and Service  ADAAG 227.1 General. Where provided, check-out aisles, sales counters, service counters, food service lines, queues, and waiting lines shall comply with 227 and 904.ADAAG 904.4 Sales and Service Counters.Sales counters and service counters shall comply with 904.4.1 or 904.4.2.The accessible portion of the counter top shall extend the same depth as the sales or service counter top.ADAAG 904.4.1 Parallel Approach.A portion of the counter surface that is 36 inches (915 mm) long minimum and 36 inches (915 mm) high maximum above the finish floor shall be provided. A clear floor or ground space complying with 305 shall be positioned for a parallel approach adjacent to the 36 inch (915 mm) minimum length of counter.

IV. Inaccessible dining counter.Portion of dining counter required to be accessible not provided.Non-compliant height of dining counter exceeds maximum height allowance.

ADAAG 226 Dining Surfaces and Work Surfaces  ADAAG 226.1 General. Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.ADAAG 902 Dining Surfaces and Work Surfaces  ADAAG 902.1 General.Dining surfaces and work surfaces shall comply with 902.2 and 902.3.Advisory 902.1 General.Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.ADAAG 902.3 Height. The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.

V. Required minimum toe clearance not provided at dining counter.

ADAAG 226 Dining Surfaces and Work Surfaces  ADAAG 226.1 General. Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.ADAAG 902 Dining Surfaces and Work Surfaces  ADAAG 902.1 General.Dining surfaces and work surfaces shall comply with 902.2 and 902.3.Advisory 902.1 General.Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.ADAAG 902.2 Clear Floor or Ground Space. A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided. ADAAG 306.2 Toe Clearance.ADAAG 306.2.3 Minimum Required Depth. Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element. ADAAG 306.2.5 Width. Toe clearance shall be 30 inches (760 mm) wide minimum.

B) Plaintiff shall serve a copy of this Default Final Judgment, *and* all supporting papers by Certified U.S. Mail and file proof of such service on the record  by January 9, 2024.

C) Plaintiff shall have 180 days after date of the Court's entry of this Final Default Judgment to file a motion to tax costs and award reasonable attorney's fees and shall file all an affirmation

in support of that motion, a copy of Plaintiff's fee statement billing, and receipts for costs sought in said motion.

The Complaint asserts a claim under the Americans with Disabilities Act (the "ADA"), alleging that Defendant has denied Plaintiff access to, and full and equal enjoyment of, the goods and services it provides.

"[A] defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint" but "a district court 'need not agree that the alleged facts constitute a valid cause of action.'" *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (citations omitted). "[A] district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.'" *Id.*

The Complaint adequately alleges that Plaintiff is entitled to injunctive relief under the ADA. Title II of the ADA provides: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To prevail under Title II, a plaintiff "must demonstrate that (1) they are 'qualified individuals' with a disability; (2) that the defendants are subject to the ADA; and (3) that plaintiffs were denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or were otherwise discriminated against by defendants, by reason of plaintiffs' disabilities." *Noel v. New York City Taxi & Limousine Comm'n*, 687 F.3d 63, 68 (2d Cir. 2012); *accord Williams v. Barometre*, No. 20 Civ. 7644, 2022 WL 903068, at *15 (S.D.N.Y. Mar. 28, 2022). The Complaint alleges that Plaintiff is wheelchair bound due to congenital spina bifita and Hydrocephalus. Defendant's facility is a restaurant, which the ADA considers a place of public accommodations. *See* 42 U.S.C. § 12181(7)(B). Plaintiff has been prevented access to Defendant's facility by virtue of structural barriers that are incompatible with his status as a wheelchair-bound individual. These barriers include an inaccessible entrance, a non-compliant change in floor level and inaccessible service and dining counters, among other barriers. These allegations are sufficient to state a claim under Title II.

Subject-matter jurisdiction is proper, as Plaintiff brings his claim under federal law. Though the Complaint does not explicitly state whether Defendant is a domiciliary of New York, personal jurisdiction is also proper over Defendant, a limited liability company transacting business in New York and with the subject property located at 57 Clinton St., New York, NY 10002. "To determine personal jurisdiction over a non-domiciliary in a case involving a federal question, [courts] apply the forum state's long-arm statute" and then "analyze whether personal jurisdiction comports with due process protections established under the Constitution." *Eades v. Kennedy, PC L. Offs.*, 799 F.3d 161, 168 (2d Cir. 2015). New York's long arm statute permits a court to exercise personal jurisdiction over any non-domiciliary that "transacts any business within the state." N.Y. C.P.L.R. § 302(a)(1). "To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Eades*, 799 F.3d at 168. The Complaint alleges that Defendant "transacts business in the State of New York and within this judicial district" and the ADA claim arises from Defendant's business activities at the 57 Clinton St. property. "To establish personal jurisdiction over a defendant, due process requires a plaintiff to allege (1) that a defendant has 'certain minimum contacts' with the relevant forum, and (2) that the exercise of jurisdiction is reasonable in the circumstances." *Id.* at 168-69. Here, both requirements are met, as Defendant does business at its New York City property, sufficient to establish minimum contacts. The exercise of jurisdiction here is reasonable, as it "comport[s] with fair play and substantial justice." *Id.*

So Ordered.

Dated: January 4, 2024
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**